[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 4, 2006
THOMAS K. KAHN
CLERK

No. 06-13355
Non-Argument Calendar
_____

BIA Nos. A96-275-209 & A96-275-210

SATURIA NARVAEZ,
EZEQUIEL RUIZ PERDOMO,
LAURA NARVAEZ PERDOMO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(December 4, 2006)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Saturia Narvaez, her husband Ezequiel Perdomo Ruiz, and their daughter

Laura Perdomo Narvaez, petition this court to review the decision of the Board of Immigration Appeals ("BIA") denying Narvaez's application for asylum and withholding of removal, pursuant to 8 U.S.C. §§ 1158, 1231, 8 C.F.R § 208.16(c). Because the BIA's decision is supported by substantial evidence, we deny the petition.

Narvaez and her family, citizens of Colombia, were admitted to the United States as nonimmigrant visitors. They remained beyond the expiration dates of their visas and the Department of Homeland Security issued Notices to Appear, charging each with remaining in the United States longer than permitted, in violation of INA § 237(a)(1)(B); 8 U.S.C. § 1227(a)(1)(B).

In her application, Narvaez requested asylum and withholding of removal based on persecution she suffered due to her political opinion, and relief under the United Nations Convention Against Torture ("CAT").[1] Narvaez detailed the circumstances of her case for asylum in an attachment to her application: Narvaez was a community leader and had worked with organizations called Security Fronts and the Collective Work-Action Movement in the Colombian Liberal Party. Narvaez spoke out against the guerrillas from the Columbian Revolutionary Armed Forces ("FARC"), who would take advantage of poor families in her community

_____

[1] Narvaez does not challenge the BIA's decision to deny her relief under the CAT, and therefore, she has abandoned the issue. Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2

by offering money for the services of young men.

On August 15, 2002, Narvaez and a co-worker were attacked by three hooded, heavily armed men who claimed to be members of the FARC urban militia. As she tried to scream for help, one of the men grabbed her by the neck and told her to shut up or else she would be killed. She was thrown to the floor, spat upon, and told to discontinue her seminars against the FARC. Narvaez halted the classes for about a week, but returned to the community center on August 23, 2002, to find that it had been vandalized. Three hooded men were present and threatened to burn down the center. At that point, Narvaez ran to the police, but was told that the police would not pursue the matter unless she had the names of the men. That night she received a phone call from a FARC member, threatening her and warning that he knew where her daughter studied. Narvaez temporarily moved her family to a friend's house before seeking refuge in the United States.

At the removal hearing before an Immigration Judge ("IJ"), Narvaez conceded removability. Her testimony was consistent with the incidents described in her asylum application. Narvaez stated that she remained in Colombia for one month after the incidents, and that her husband did not join her in the United States until three months after the last incident. Narvaez admitted that nothing happened to her family during that time. She also acknowledged that she had two adult children who remained in Colombia.

3

The IJ concluded that Narvaez had failed to meet her burden of establishing that she had suffered past persecution or had a well-founded fear of persecution in Colombia on account of their political opinion. The IJ based this decision on "substantial and material evidentiary gaps in the underlying asylum claim. . . ." According to the IJ, Narvaez "failed to present to this court a credible, believable, or plausible set of facts underlying her asylum claim on behalf of herself, her husband, and daughter." The IJ also ruled that because Narvaez did not meet the lesser standard for asylum, her claims for withholding of removal failed.

Narvaez appealed, alleging that she had established past persecution and a well-founded fear of future persecution. She also submitted additional evidence relating to another daughter's asylum application. The BIA concluded that Narvaez had proven, at most, that she had been harassed but such action did not rise to the level of persecution. The BIA further concluded that Narvaez failed to establish a well-founded fear of future persecution because her fear was not objectively reasonable, as there was no evidence demonstrating that the FARC would single her out for persecution. Instead, the BIA determined that it was likely that she could safely return because she had been out of the country for more than two years, and her husband and other family members had remained in Colombia without incident following her flight. Additionally, the BIA noted that Narvaez had submitted new evidence on appeal. Explaining that it could only consider the

4

evidence contained in the record when it was before the IJ, the BIA dismissed Narvaez's appeal, finding that Narvaez failed establish that she had suffered past persecution.

On appeal, Narvaez contends that the BIA erroneously held that she had not suffered past persecution or a well-founded fear of future persecution. Narvaez also contends that the BIA erred by not considering the additional evidence she presented.

Because the BIA did not expressly adopt any part of the IJ's opinion, we review the BIA's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). The BIA's legal determinations are reviewed de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). Determinations of fact "are reviewed under the substantial evidence test, and we must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 818 (internal citation omitted).

A. Asylum

The Attorney General has discretion to grant asylum if an alien meets the INA's definition of "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The INA defines "refugee" as follows:

> [A]ny person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country

because of persecution or a well-founded fear of persecution on account of . . . political opinion . . . .

8 U.S.C. § 1101(a)(42)(A) & (B).

The asylum applicant bears the burden of proving refugee status. Al Najjar, 257 F.3d at 1284. To meet this burden, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287; see also Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230-31 (11th Cir. 2005).

"[P]ersecution" is an "'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that 'mere harassment does not amount to persecution.'" Sepulveda, 401 F.3d at 1231. (citation omitted). A fear of future persecution is well founded if it "is subjectively genuine and objectively reasonable." Id. (internal citation omitted).

After a thorough review of the record, we conclude that substantial evidence supports the BIA's decision that Narvaez failed to establish past persecution. The incidents of which Narvaez complains may amount to harassment, but they do not rise to the level of persecution. Narvaez did not present testimony that she or her family had suffered any injuries from the individuals claiming to be members of FARC. Nor did she provide testimony to corroborate FARC's destruction of the

6

community center, or to explain why the police refused to take her report even though she had worked with the police through the Security Front.

Substantial evidence also supports the BIA's conclusion that Narvaez did not establish a well-founded fear of future persecution. Although Narvaez may have a subjectively genuine fear of future persecution, she did not present evidence that suggested an objective fear. After Narvaez left Colombia with her daughter, her husband remained in the country for several months without incident, and two of Narvaez's adult children remain in Colombia. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006). Moreover, Narvaez failed to present evidence that would indicate FARC would resume its harassment if she returned to Colombia.

B. Withholding of Removal

An alien is only eligible for withholding of removal to a country if she can demonstrate that it is "more likely than not" she will be persecuted or tortured upon being returned to her country. Alim v. Gonzales, 446 F.3d 1239, 1255 (11th Cir. 2006). The standard for withholding of removal is "more stringent" than the standard for asylum. Sepulveda, 401 F.3d at 1232. Thus, because Narvaez failed to prove that she and her family are entitled to asylum, she cannot meet the more stringent standard for withholding of removal.

C. New Evidence

Finally, the BIA properly refused to consider new evidence that Narvaez

7

sought to include with her brief supplementing her notice of appeal of the decision of the IJ. As an appellate body, the BIA may not engage in findings of fact in the course of deciding appeals. 8 C.F.R § 1003.1(d)(1), (d)(3)(iv). A party seeking to introduce further evidence, which would require additional findings of fact, must file a motion requesting the BIA to remand the case to an IJ. 8 C.F.R § 1003.1(d)(3)(iv). Narvaez filed no such motion, and, therefore, the BIA correctly refused to consider the additional information Narvaez presented.

Accordingly, for the foregoing reasons, the BIA's decision is supported by substantial evidence, and we **DENY** the petition.